IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 27, 2020

**STATE OF TENNESSEE v. JOHNVYA T. SMITH**

**Appeal from the Criminal Court for Knox County**
**No. 104174   Steven Wayne Sword, Judge**

_____

**No. E2020-00409-CCA-R3-CD**

_____

The Defendant, Johnvya T. Smith, appeals from the trial court's judgment granting him partial relief based on his 36.1 motion to correct an illegal sentence, arguing that the trial court should have allowed him to withdraw the guilty plea that resulted in the illegal sentence rather than merely amending the sentence. The State disagrees, arguing that the trial court appropriately denied the Defendant's request to withdraw his guilty plea because the illegal aspect of his sentence was not a material component of the Defendant's plea agreement. We agree with the State. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

 J. Liddell Kirk, Knoxville, Tennessee, for the appellant, Johnvya T. Smith.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Charme Allen, District Attorney General; and Ta Kisha M. Fitzgerald, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

In April 2015, the Defendant pled guilty in the Knox County Criminal Court to attempted first degree murder, employing a firearm during the commission of a dangerous felony, unlawful possession of a weapon, and aggravated assault. Pursuant to the terms of

his negotiated plea agreement, the Defendant was sentenced as a Range II multiple offender to twenty-five years for attempted first degree murder, as a Range II multiple offender to twelve years for aggravated assault, as a Range III persistent offender to ten years for employing a firearm during the commission of a dangerous felony, and as a Range III persistent offender to ten years for unlawful possession of a weapon. The ten-year sentence for employing a firearm during the commission of a dangerous felony was enhanced based on the Defendant's having a prior qualifying felony conviction. See Tenn. Code Ann. § 39-17-1324(b)(1), (g)(2) (providing that an individual who employs a firearm during the commission of a dangerous felony shall be sentenced to a mandatory ten-year sentence in the Department of Correction if the individual, at the time of the offense, had a prior felony conviction). That sentence was ordered to be served consecutively to the twenty-five-year sentence for attempted first degree murder, for a total effective sentence of thirty-five years in the Department of Correction.

On August 2, 2019, the Defendant filed a pro se Tennessee Rule of Criminal Procedure 36.1 motion to correct an illegal sentence based on the illegality of his sentence for employing a firearm during the commission of a dangerous felony. Specifically, he alleged that the enhanced ten-year sentence was illegal because none of his prior Louisiana convictions was a qualifying "prior conviction" as defined under the statute. He further alleged that the 45% release eligibility date imposed for that conviction directly contravened the statute that provides that there shall be no release eligibility date for the offense. Among the relief he sought was to be permitted to withdraw his guilty plea to that offense.

On August 19, 2019, the trial court entered an order in which it, among other things, noted that the judgment form for the challenged conviction reflected that the sentence was ordered to be served at 100 percent. The court found, however, that none of the Defendant's previous Louisiana convictions qualified as a prior dangerous felony under Tennessee Code Annotated section 39-17-1324. The court, therefore, appointed counsel to represent the Petitioner "to make any necessary amendments to the motion and to set the matter for further hearing."

At the February 6, 2020 hearing on the motion, the parties agreed that the Louisiana armed robbery convictions on which the State had relied for the enhanced sentence were not qualifying prior felonies under the statute. The State pointed out, however, that the ten-year sentence was part of a negotiated plea bargain, that the Defendant had pled guilty partly to avoid federal prosecution for the offense, and that the Defendant had faced a potential sentence of ten to fifteen years as a Range III offender for the indicted offense even without the statutory enhancement. The State, therefore, suggested that the trial court should amend the sentence to reflect that the first six years be served at 100% and the last four years at 45% release eligibility. Defense counsel

acknowledged the Defendant had no legitimate basis to withdraw his guilty plea and agreed that the State's proposed sentence modification "might be the answer" to the illegality of the sentence.

On February 11, 2020, the trial court entered an order granting the Defendant partial relief on his 36.1 motion in the manner proposed by the State. Specifically, the court amended the sentence to reflect that the first six years of the sentence were to be served at 100% in accordance with the statute governing mandatory minimum sentencing for employment of a firearm during the commission of a dangerous felony, and the remaining four years at the Range III release eligibility of 45 percent. On February 14, 2020, the trial court entered an amended judgment reflecting that change. This appeal followed.

## ANALYSIS

On appeal, the Defendant challenges the form of relief the trial court granted in response to his Rule 36.1 motion to correct an illegal sentence. He acknowledges that the modification of the sentence resulted in an outcome that was more favorable to him than the sentence for which he originally bargained and that case law does not support his request to be allowed to withdraw his guilty plea. He, nonetheless, requests that he be given that option. The State responds by arguing that the trial court properly denied the Defendant's request to withdraw his plea because the illegal aspect of the sentence was not a material part of the plea agreement.

Rule 36.1 of the Tennessee Rules of Criminal Procedure provides "a mechanism for the defendant or the State to seek to correct an illegal sentence." State v. Brown, 479 S.W.3d 200, 208-09 (Tenn. 2015). An illegal sentence is defined as "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The rule provides in pertinent part:

(2) With or without a hearing, if the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) With or without a hearing, if the court determines that the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal aspect of the sentence was a material component of the plea agreement.

(A) If the illegal aspect was not a material component of the plea agreement, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(B) If the illegal aspect was a material component of the plea agreement but the illegal aspect was to the defendant's benefit, the court shall enter an order denying the motion.

(C) If the illegal aspect was a material component of the plea agreement and the illegal aspect was not to the defendant's benefit, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its findings that the illegal aspect was a material component of the plea agreement and was not to the defendant's benefit, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall file an order granting the motion and also shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

We agree with the parties that the 100% service rate for the entire 10-year sentence in count three was illegal because the Defendant's prior Louisiana armed robbery convictions did not qualify as one of the statutorily enumerated dangerous felonies. See Tenn. Code Ann. § 39-17-1324(h)(2), (i)(2)(B); see also Bowman v. State, No. E2016-01028-CCA-R3-PC, 2017 WL 1449232, at *7 (Tenn. Crim. App. Apr. 24, 2017), perm. app. denied (Tenn. Aug. 16, 2017) (holding that prior convictions for the purpose of the enhanced sentencing in Tennessee Code Annotated section 39-17-1324 are limited to "dangerous felonies"). We further agree with the State that the trial court appropriately found that the illegal aspect of the sentence was not a material component of the Defendant's plea and that the proper remedy was to amend the Defendant's ten-year sentence to reflect that only the initial six years be served at the mandatory 100% service required by the statute. Accordingly, we affirm the judgment of the trial court.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____

ALAN E. GLENN, JUDGE

- 4 -